IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY STILL, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No.    2:19-CV-640 |
| v. | ) | |
| | ) | |
| ALLGHENY HEALTH NETWORK, | ) | |
| WEST PENN ALLEGHENY HEALTH | ) | **JURY TRIAL DEMANDED** |
| SYSTEM, INC. and AHN FORBES | ) | |
| HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

AND NOW COMES  Plaintiff Gary Still ("Plaintiff"), by and through his undersigned counsel, and brings this Complaint seeking legal and equitable relief for disability and age discrimination, retaliation and the unlawful refusal by Defendants to hire Plaintiff as an Environmental Services Associate against Defendants (collectively referred to as "AHN" or Defendants") in violation of the Americans with Disabilities Act of 1990 ("ADA"), ADA Amendments Act of 2008 ("ADAAA"), the Age Discrimination in Employment Act 29 U.S.C. § 621, *et seq.* ("ADEA"), and pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, 42 P.S. § 951, et seq. (hereinafter referred to as "PHRA"), stating as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1391.  This action is authorized and instituted pursuant to the ADA, ADAAA, ADEA and the PHRA.

2.      The unlawful employment practices and wrongful termination were committed by the Defendants in Pittsburgh, Pennsylvania, where Plaintiff applied for Environmental Service Associate ("ESA") positions for Defendants in or around Allegheny County, Pennsylvania.

Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1391(b).

3.     Plaintiff timely exhausted his administrative remedies by filing a charge against Defendants on October 24, 2012 with the United States Equal Employment Opportunity Commission ("EEOC") at Charge No. 533-2013-00133 dual filing with the Pennsylvania Human Relations Commission.  Plaintiff's Charge is incorporated by reference as if fully set forth herein and attached hereto as ***Exhibit A***.  On July 16, 2013, Plaintiff amended his charge of discrimination and the Amendment incorporated herein is attached hereto as ***Exhibit B***.  On March 15, 2019, the EEOC issued a determination incorporated herein finding that AHN discriminated and retaliated against Plaintiff for its failure to hire Plaintiff as an ESA in violation of the ADEA and ADAAA, and the Determination is attached hereto as ***Exhibit C***.  On May 3, 2019, the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter (the "Right to Sue" letter) advising him of the right to bring this action.  Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

4.     At all relevant times hereto, Defendants were employers within the meaning of the ADA, ADAAA and ADEA.

## PARTIES

5.     Plaintiff is a 69-year-old male individual who resides at 1832 Willow Street, McKeesport, PA 15132.

6.     At all relevant times hereto, Defendant Allegheny Health Network is a non-profit, eight-hospital academic medical system with facilities located in Western Pennsylvania and one hospital in Western New York with annual revenue over $3 billion and its principal place of business located at 120 Fifth Avenue, Suite 2900, Pittsburgh, PA 15222.

7.      Defendant West Penn Allegheny Health System, Inc. ("WPAHS") is company and medical provider authorized to do and does perform business in this Commonwealth with an address of 7110 Church Avenue, Pittsburgh, PA 15202.

8.      Defendant AHN Forbes Hospital is company and medical provider authorized to do and does perform business in this Commonwealth with an address of 2570 Haymaker Road, Monroeville, PA 15146.

## FACTS

9.      Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

10.     On November 15, 2011, Plaintiff applied for an ESA position (Job #28072) at Forbes Regional Hospital ("FRH") and, on the same day, Plaintiff received a phone call from a member of the WPAHS Talent Acquisition Team for a phone interview for the ESA position (Job #28072) at FRH.

11.     During the interview process, Defendants' Talent Acquisition Team member asked Plaintiff a question pertaining to his heavy lifting abilities, and, due to his heart disease disability, Plaintiff responded that he would need to check with his physician.

12.     After advising that he would like to check with his physician, Defendants' Talent Acquisition Team member did not ask many additional questions and stated that she would be in touch with him.

13.     On November 29, 2011, without possessing a non-discriminatory reason, Defendants advised Plaintiff that he was not selected for the position for which he was well-qualified.

14.     Plaintiff applied for at least nine (9) other ESA positions for which he was well-qualified after Defendants learned of his disability, and Defendants refused to hire him for each position without possessing a non-discriminatory reason.

15.     On at least four occasions, Defendants advised Plaintiff a position for which he applied was filled but then Defendants reposted the same job as open online after refusing to hire Plaintiff.

16.     Defendants further egregiously and intentionally failed to engage in the interactive process and refused to determine Plaintiff's capabilities of performing the duties of the position with or without a reasonable accommodation.

17.     On January 1, 2012, Plaintiff applied for an ESA position at WPAHS/FRH and, in his cover letter, stated that he was a person with a physical disability presently in the workforce as a custodian and that he could complete the essential functions of the position with or without reasonable accommodation.

18.     On January 9, 2012, Plaintiff learned through the Jobvite.com website that he was not selected for the position and Defendants did not respond to Plaintiff's application or provide a non-discriminatory reason for the rejection.

19.     On January 16, 2012, Plaintiff applied for an ESA at WPAHS/West Penn Hospital, and he again sent a cover letter advising that he was a person with a physical disability presently in the workforce as a custodian and that he could complete the essential functions of the position with or without reasonable accommodation.

20.     Plaintiff learned through the Jobvite.com website that he was not selected for the position and Defendants did not respond to Plaintiff's application or provide a non-discriminatory reason for the rejection.

21.    On September 15, 2012, Plaintiff applied to four ESA postings with Defendants –
three postings were at the FRH facility (Job #'s 30576, 31349, 31616), and the fourth position (Job
#31630) was at WPAHS/Allegheny General Hospital (AGH).

22.    Plaintiff was denied for all four positions and Defendants never provided a non-
discriminatory or non-retaliatory reason for the rejections.

23.    Plaintiff also applied for an ESA position at Job #29096, and AHN never provided
a non-discriminatory or non-retaliatory reason for the rejecting Plaintiff.

24.    On October 9, 2012, Plaintiff applied for a second time for an ESA position at FRH
posting which had been updated (Job #31929) and for another ESA position (Job #31883).

25.    On October 11, 2012, Stephen Olsen, Manager of Environmental Services for
Defendants, interviewed Plaintiff for one of the four positions (Job #31616) for which he applied
on September 15, 2012; however, Defendants claim that Plaintiff was not selected to fill any of
the positions due to not being qualified despite his previous experience as a custodian.

26.    Despite being receiving messages that he was not hired for these positions through
the Jobvite.com website because they were filled, the postings remained open on the Pennsylvania
Careerlink Jobgateway through November 2, 2012 (Job #'s 31616 and 31883) and through
December 1, 2012 (Job #31929).

27.    On October 15, 2012, Plaintiff applied for an ESA position (Job #31825) at FRH
and he was advised through the Jobvite.com message center that the position was filled but the
position remained posted through November 2, 2012.

28.    On October 16, 2012, Plaintiff applied for an ESA position (Job #31826) at FRH
and he was advised through the Jobvite.com message center that the position was filled but the
position remained posted through November 2, 2012.

29.     Upon information and belief, Defendants hired individuals substantially younger, less qualified and without disabilities for all the ESA positions for which Plaintiff applied.

30.     Defendants advised the EEOC on March 22, 2013 that his claims were deficient "because WPAHS terminated his employment as part of a reduction in force;" however, Plaintiff never worked for Defendants as they unlawfully refused to hire him.

31.     This proffered reason contradicts the other false reasons offered that Plaintiff was not qualified or the positions were filled; thus, revealing that Defendants' have only offered pretextual reasons for the failure to hire Plaintiff without possessing a non-discriminatory or non-retaliatory reason.

32.     Moreover, Defendants' CAREPIX interview notes for Plaintiff state that Bob McCarl interviewed Plaintiff on October 11, 2012 when Stephen Olson in fact completed the interview.

33.     Therefore, Defendants have failed and refused to hire Plaintiff for available ESA positions for which he applied and was qualified to fill.

34.     Plaintiff also made Defendants aware of his physical disability and that he could perform the essential functions of the positions with or without reasonable accommodation.

35.     As such, the inaccuracies, inconsistencies and contradictions surrounding Defendants' pretextual, discriminatory and retaliatory reasons for refusing to hire Plaintiff establish the existence of a violation against Plaintiff with respect to the failure to hire him due to Plaintiff's disability as well as in retaliation where Defendants had knowledge of Plaintiff's age and disability but refused to hire him for positions for which he was well-qualified to fill.

36.     Although Defendants interviewed Plaintiff for at least one of the positions for which he applied and was well-qualified, Defendants chose to fill the positions with younger, less

qualified and non-disabled internal and external candidates over him, or otherwise continued to search to fill the positions by reposting them because of his age (63 at the time) in violation of the ADEA and because of his disability in violation of the ADA and ADAAA.

37.     After he made them aware of his disability, Defendants further retaliated against Plaintiff under the ADAAA by continuously rejecting him for ESA positions without engaging in the interactive process to determine his physical capabilities for performing the essential functions of the job.

38.     Defendants' aforementioned conduct, disparate treatment and failure to hire Plaintiff constitute discrimination and retaliation based on age and disability in violation of the ADEA, ADA, ADAAA and PHRA.

39.     At all times relevant hereto, Defendants were employers within the meaning of and subject to anti-discrimination and anti-retaliation statutes.

40.     Plaintiff is in a protected class under the ADA, ADAA, ADEA and PHRA at the time the acts of discrimination and retaliation occurred.

41.     At all relevant times hereto, Defendants acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

## COUNT I
## DISCRIMINATION & RETALIATION – ADA and ADAAA

42.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

43.     Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA and or ADAAA because he has, or had at all times relevant hereto, a physical impairment

that substantially limited/limits one or more major life activities, or because he had a record of such impairment.

44.     Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA and/or ADAAA because he was regarded as and/or perceived by Defendants and their agents as having a physical impairment that substantially limited/limits one or more major life activities.

45.     However, Plaintiff could complete the functions of the ESA positions for which he applied with or without reasonable accommodation.

46.     Moreover, although Defendants interviewed Plaintiff for at least one of the positions for which he applied and was well-qualified Defendants chose to fill the positions with younger, less qualified and non-disabled internal and external candidates over him, or otherwise continued to search to fill the positions by reposting them because of his age (63 at the time) in violation of the ADEA and because of his disability in violation of the ADA and ADAAA.

47.     As such, the foregoing conduct, including the failure to hire Plaintiff because of his disability and in retaliation for advising of his disability and that he would need to contact his physician, by Defendants constitutes unlawful discrimination and retaliation against Plaintiff because of his disability and/or perceived disability.

48.     As a result of Defendants' unlawful disability discrimination and retaliation, Plaintiff has suffered damages as set forth herein including substantial lost wages.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## COUNT II
## <u>ADEA DISCRIMINATION</u>

49.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

50.     Although Defendants interviewed Plaintiff for at least one of the positions for which he applied and was well-qualified Defendants chose to fill the positions with younger, less qualified and non-disabled internal and external candidates over him, or otherwise continued to search to fill the positions by reposting them because of his age (63 at the time) in violation of the ADEA and because of his disability in violation of the ADA and ADAAA.

51.     Plaintiff has been unable to secure comparable employment and, thus, has suffered substantial lost wages as a result of AHN's age and disability discrimination against him.

52.     The foregoing misconduct by Defendants and AHN's refusal to hire Plaintiff were undertaken with malice and/or reckless indifference to his federally protected right to be free from age discrimination.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## COUNT III
## <u>PHRA – DISCRIMINATION and RETALIATION</u>

53.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length

54.     This is an action arising under the provisions of the laws of the PHRA and this Honorable Court has, and should, exercise pendent jurisdiction over the same because the cause of action set forth in this COUNT III arises out of the same facts, events and circumstances as in

the above COUNTS, and therefore judicial economy and fairness dictate that this COUNT III be brought in this same Complaint.

55.     At all times relevant, Defendants were "employers" within the meaning of Section 954(b) of the PHRA.

56.     By engaging in the creation and fostering of a discriminatory and retaliatory environment based on age and disability, Defendants violated Section 955(a) of the PHRA which prohibits discrimination and retaliation based upon age and disability regarding the hiring process and/or continuation and tenure of employment.

57.     Defendants knew or should have known about the discriminatory and retaliatory conduct to which Plaintiff was subjected and failed to take appropriate remedial action.

58.     Defendants' failure to maintain a hiring process and workplace free of discrimination and retaliation and the failure to take prompt remedial action were intentional, malicious and in reckless indifference to Plaintiff's protected state rights.

59.     Plaintiff engaged in a protected activity as described by Section 955(d) of the PHRA, which includes the opposition of any practice forbidden by the PHRA or advising Defendants verbally and in writing of his disability but capability to complete the job functions with or without reasonable accommodation.

60.      Defendants were aware of Plaintiff's protected activity yet retaliated against him nonetheless by continuously rejecting him for ESA positions for which he was qualified and filling them with less qualified, younger and non-disabled individuals or reposting them because of Plaintiff's age and disability.

61.     Defendants' discriminatory and retaliatory conduct towards Plaintiff as a result of him engaging in a protected activity remains a violation of the PHRA.

62.     Defendants' discriminatory and retaliatory conduct toward Plaintiff was intentional, malicious and in reckless indifference to Plaintiff's protected state rights.

## **DEMAND FOR JURY**

WHEREFORE, Plaintiff demands judgment against Defendants, and damages in excess of $75,000 as follows:

a.  That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Plaintiff's damages associated with Defendants' unlawful failure to hire Plaintiff and Defendants' discrimination and retaliation of Plaintiff pursuant to the ADA, ADAAA, ADEA and PHRA, plus interest;

b.  That Plaintiff be awarded economic and compensatory damages to compensate for all costs associated with the discrimination and retaliation including lost wages and medical expenses;

c.  That Plaintiff be awarded nominal damages;

d.  That Plaintiff be awarded punitive damages in an amount sufficient to punish Defendants for its intentional, wanton and malicious conduct and to deter similar misconduct;

e.  That Plaintiff be awarded the costs of this litigation, including reasonable attorney's fees; and

f.  That Plaintiff be awarded such further relief as deemed to be just and proper.

Date:   June 3, 2019                               Respectfully Submitted,


                                                   */s/ Brian P. Benestad*
                                                   Brian P. Benestad, Esquire

Pa. I.D. 208857
HKM EMPLOYMENT ATTORNEYS LLP
220 Grant Street
Suite 401
Pittsburgh, PA  15219
412.485.0133
bbenestad@hkm.com

**JURY TRIAL DEMANDED**